IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BENITO CONTRERAS, Jr. #196827 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv546 |
| SHERIFF LARRY R. SMITH | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate of the Smith County Jail proceeding *pro se* and *in forma pauperis*, filed a habeas petition in November 2023. (Dkt. #1.) The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Before the Court reviewed the original petition, Petitioner filed a second petition in December 2023. (Dkt. #8.) The Court found that Petitioner's claims and the very nature of his action were unclear from his filings and ordered him to file a single, comprehensive second amended complaint to set forth his claims coherently. (Dkt. #10.) A copy of that Order was mailed to Petitioner and is presumed to have been delivered. The United States Court of Appeals for the Fifth Circuit has explained that where a letter is properly placed in the United States mail, a presumption exists that the letter reached its destination in the usual time and was actually received by the person to whom it was addressed. *Faciane v. Sun Life Assurance Company of Canada*, 931 F.3d 412, 420-21 and n.9 (5th Cir. 2019).

Plaintiff did not comply with the Court's order and has taken no other action to prosecute this case in two months. A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to

dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to comply with the Court's orders is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's failure to comply with an order of the Court and failure to take the steps necessary to prosecute this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 12th day of February, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE